People v Holloway (2023 NY Slip Op 01261)

People v Holloway

2023 NY Slip Op 01261

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Ind. No. 330/77 Appeal No. 17501 Case No. 2018-5467 

[*1]The People of the State of New York, Respondent,
v
Scott Holloway, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nancy E. Little of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 1, 2018, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed defendant 20 points under the risk factor for conduct while confined, based on his accrual of disciplinary violations for a sex offense and lewd conduct, and his claim of temporal remoteness is unavailing (see People v Holmes, 195 AD3d 528 [1st Dept 2021], lv denied 37 NY3d 912 [2021]).
In any event, regardless of whether defendant's correct point score is 105, as found by the court, or 85, as he contends, he remains a level two offender, and we find no basis for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). All the mitigating factors cited by defendant, including his age, medical conditions, and the fact that he will receive lifetime specialized parole supervision, were adequately taken into account by the guidelines or outweighed by defendant's long criminal history and the seriousness of the offense. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023